**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

FREDDIE LEE MITCHELL, II,

        Plaintiff,

vs.                                                                     Case No. 8:16-cv-1905-T-JRK

NANCY A. BERRYHILL,[1]
Acting Commissioner of Social Security,

        Defendant.
_____/

## **OPINION AND ORDER**[2]

### **I. Status**

Freddie Lee Mitchell, II ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying his claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is a result of injury to the back, knee, shoulder, hand, and meniscus; "[m]igraines ([c]oncussions)"; "[m]emory [i]ssues"; and depression. Transcript of Administrative Proceedings (Doc. No. 11; "Tr." or "administrative transcript"), filed August 31, 2016, at 67-68, 76-77, 88, 98, 281 (emphasis omitted). On January 12, 2012, Plaintiff filed applications for DIB and SSI, alleging an onset disability date of August 31, 2005. Tr. at 67-75 (DIB), 76-85 (SSI). Plaintiff's applications were denied initially, see Tr. at 67-75, 86, 112-16, 123 (DIB);

---

    [1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn W. Colvin as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    [2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 10), filed August 31, 2016; Reference Order (Doc. No. 12), entered September 1, 2016.

76-85, 87, 117-22, 124 (SSI), and were denied upon reconsideration, see Tr. at 88-97, 108, 127-31, 137 (DIB); 98-107, 109, 132-36, 138 (SSI).

On June 4, 2014, an Administrative Law Judge ("ALJ") held a hearing, during which the ALJ heard testimony from a vocational expert ("VE"). Tr. at 50-66. Plaintiff's counsel was present at the hearing, but Plaintiff was unable to appear due to problems with the phone system at the prison where he was being held. See Tr. at 52-53, 311. At the beginning of the hearing, Plaintiff's counsel represented that Plaintiff had given him permission to proceed in his absence. Tr. at 53. Following the hearing, the ALJ issued a Decision on July 9, 2014, finding Plaintiff not disabled through the date of the ALJ's Decision. Tr. at 28-38.

The Appeals Council then accepted additional evidence consisting of prison records, Tr. at 265-67, and three letters from Plaintiff: one dated May 4, 2015, Tr. at 315, one dated May 5, 2015, Tr. at 316-17, and one dated November 9, 2015, Tr. 320-21. See Tr. at 11. On February 3, 2016, the Appeals Council denied Plaintiff's request for review, Tr. at 6-9, thereby making the ALJ's Decision the final decision of the Commissioner. On June 30, 2016, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3)[3] by filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff raises two issues on appeal: "whether the Social Security Administration deprived [Plaintiff] of his due process right to a fair hearing when it conducted a hearing in his absence which was caused by conditions out of his control"; and "whether the [ALJ's] Decision is based upon the substantial evidence of record." Plaintiff's Memorandum in

---

[3] Although Plaintiff is seeking review of the Commissioner's decision regarding Plaintiff's claim for SSI, Plaintiff's complaint does not state he is seeking review under § 1383(c)(3). Section 1383(c)(3), which incorporates § 405(g), grants the Court jurisdiction to review these decisions. See 42 U.S.C. § 1383(c)(3).

Support of his Appeal of a Decision Denying his Application for Disability Insurance Benefits (Doc. No. 14; "Pl.'s Mem."), filed October 26, 2016, at 10-11 (emphasis and some capitalization omitted); see Pl.'s Mem. at 12-16 (argument as to first issue), 16-21 (argument as to second issue).[4] On February 14, 2017, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 20; "Def.'s Mem.") addressing the issues raised by Plaintiff. After a thorough review of the entire record and consideration of the parties' respective filings, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for further administrative proceedings.

## **II. The ALJ's Decision**

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

---

[4] Pl.'s Mem. contains unnumbered pages. Citations to it follow the pagination assigned by the Court's electronic filing system (CM/ECF).

[5] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 30-37. At step one, the ALJ determined that "[Plaintiff] has not engaged in substantial gainful activity since August 31, 2005, the alleged onset date." Tr. at 30 (emphasis and citations omitted). At step two, the ALJ found that "[Plaintiff] has the following severe impairments: post-concussion syndrome, migraine headaches, cervical and lumbar spine degenerative arthritis, right knee arthritis status post 2006 arthroscopic surgery, and bilateral shoulder acromioclavicular (AC) separation." Tr. at 30 (emphasis and citations omitted). At step three, the ALJ ascertained that "[Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 32-33 (emphasis and citations omitted).

The ALJ determined Plaintiff has the following residual functional capacity ("RFC"):

[Plaintiff can] perform a limited range of light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b); specifically, [Plaintiff] can lift and/or carry [twenty] pounds occasionally, [ten] pounds frequently, and stand and/or walk [six] hours and sit [six] hours in an [eight]-hour workday. However, he can only frequently push or pull with the bilateral upper extremities; frequently stoop, kneel, crouch, crawl, or climb ramps and stairs; and occasionally climb ladders, ropes, and scaffolds.

Tr. at 33 (emphasis omitted). At step four, the ALJ found that "[Plaintiff] is unable to perform any past relevant work." Tr. at 36 (emphasis and citations omitted). At step five, after considering Plaintiff's age ("26 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the testimony of the VE and found "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 36 (emphasis and citations omitted), including "Fast Food Worker," "Café Server," and "Hotel Housekeeper," Tr. at 37. The ALJ concluded

"[Plaintiff] has not been under a disability . . . from August 31, 2005, through the date of th[e D]ecision." Tr. at 37 (emphasis and citations omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

As indicated above, Plaintiff raises two issues before this Court. The first concerns Plaintiff's absence at his hearing, and the second concerns the ALJ's assessment of the medical opinions. The undersigned addresses Plaintiff's first issue and concludes remand is necessary because Plaintiff was deprived of the right to personally appear and testify at his hearing, and he was prejudiced as a result. Remand on these grounds will likely impact the findings related to Plaintiff's second argument because Plaintiff did not have an opportunity to provide testimony that may have altered the ALJ's assessment of the medical opinions. Thus, it is unnecessary to substantively address Plaintiff's second argument. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

The undersigned first sets out the applicable law. Then, the undersigned discusses whether Plaintiff waived his right to personally appear at his hearing and whether prejudice resulted.

### A. Applicable Law

Before remanding a case based on the claimant's absence at the administrative hearing, a court must determine: 1) whether the claimant validly waived the right to personal appearance; and 2) whether the claimant was prejudiced as a result. See Kelley v. Heckler, 761 F.2d 1538, 1540 (11th Cir. 1985); Hall v. Schweiker, 660 F.2d 116, 119 (5th Cir. 1981).

"Any party to a hearing has a right to appear before the [ALJ], either in person, or . . . by video teleconferencing or telephone, to present evidence and to state his or her position." 20 C.F.R. § 404.950(a). Social Security Ruling ("SSR") 79-19[6] provides that "[a]n individual or the individual's authorized representative may waive the right to personal appearance at a hearing only by a writing signed by the individual or the authorized representative . . . ." SSR 79-19, 1979 WL 15541, at *2. The writing must show:

> 1. a thorough explanation of the hearing procedure has been given;
>
> 2. the right to personal appearance at the hearing to testify and present evidence has been explained;
>
> 3. an explanation has been given of the right to representation at the hearing by an attorney or other person of the individual's choice;
>
> 4. it has been explained that, in some cases, additional evidence obtained thorough [sic] oral testimony and personal presence before the presiding officer may be of value in evaluating the issues;
>
> 5. the individual has been advised that, if he or she does not appear, the claim will be decided solely on the written evidence then in file plus any additional evidence submitted by the individual or the representative or obstained [sic] by the hearing officer[;]
>
> 6. the individual has been advised that he or she may withdraw the waiver of the right to appear at the hearing at any time prior to mailing of the notice of the decision.

Id. at *2-3.

---

[6] "[SSRs] are agency rulings published under the authority of the Commissioner of Social Security and are binding on all components of the [Social Security] Administration." Sullivan v. Zebley, 493 U.S. 521, 531 n. 9 (1990). These "[r]ulings do not have the force and effect of the law or regulations but are to be relied upon as precedents in determining other cases where the facts are basically the same." Heckler v. Edwards, 465 U.S. 870, 873 n. 3 (1984). Accordingly, the United States Court of Appeals for the Eleventh Circuit "accord[s] the rulings deference." Thornton v. Comm'r, Soc. Sec. Admin., 597 F. App'x 604, 610 (11th Cir. 2015) (unpublished) (citing Fair v. Shalala, 37 F.3d 1466, 1469 (11th Cir.1994)).

If a claimant's waiver is found to be invalid under SSR 79-19, "[a] showing of prejudice must be made before [a Court can] find that a hearing violated [the] claimant's rights of due process and requires a remand to the Secretary for reconsideration." Kelley, 761 F.2d at 1540 (11th Cir. 1985); see also Hall, 660 F.2d at 119 (holding that "[s]hould an agency in its proceedings violate its rules and prejudice result, the proceedings are tainted and any actions resulting from the proceeding cannot stand"). A finding of prejudice "requires a showing that the ALJ did not have all of the relevant evidence before him in the record (which would include relevant testimony from claimant), or that the ALJ did not consider all of the evidence in the record in reaching his decision." Kelley, 761 F.2d at 1540.

**B. Waiver**

Plaintiff contends that "[t]he Social Security Administration violated [Plaintiff's] due process rights when it proceeded with a hearing without [Plaintiff] being present because of an inability to schedule a telephone hearing with the federal corrections facility where he was incarcerated." Pl.'s Mem. at 12 (emphasis omitted). He argues that while the ALJ "requested a [post-hearing written] statement from [Plaintiff] whereby he was to focus on his headaches[,] . . . there were other limitations to [Plaintiffs RFC] that should have been addressed and were not as a result with which the ALJ proceeded." Id. at 13. Responding, Defendant argues that "Plaintiff knowingly waived his right to a hearing before an [ALJ]." Def.'s Mem. at 3 (citation omitted).

The following is a chronology outlining the occasions when Plaintiff's hearing was rescheduled and the reasons therefor. On August 7, 2012, Plaintiff first requested a hearing before an ALJ. Tr. at 139-40. On May 4, 2013, Plaintiff and Plaintiff's counsel received a

letter informing them the request for hearing had been transferred to the National Hearing Center, and that any hearing would be held via virtual teleconference ("VTC"). Tr. at 152-53, 154-55 (duplicate). A hearing was scheduled to take place on November 21, 2013, but Plaintiff objected to the hearing being held via VTC. Tr. at 160. An in-person hearing was then scheduled for January 13, 2014. Tr. at 167-73, 174-79 (duplicate).

On December 4, 2013, Plaintiff's counsel sent a letter informing the ALJ that "[he did] not anticipate that [Plaintiff would] be available to attend his hearing on January 13, 2014" because "[Plaintiff was] scheduled to report to United States Penitentiary, Coleman (USP Coleman) on December 6, 2013, to serve a [thirty-seven]-month sentence." Tr. at 192. The date of the hearing remained the same, but Plaintiff was to appear telephonically and Plaintiff's counsel was to appear via VTC. Tr. at 195. The hearing, however, did not take place because "[t]here [was] insufficient staffing at the prison [where Plaintiff was serving his sentence] to allow for [him] to be available for the hearing." Tr. at 309; see Tr. at 310.

The hearing was rescheduled for June 4, 2014. Tr. at 204-09, 210-15 (duplicate). Plaintiff's counsel "request[ed] that the same arrangements be made for [Plaintiff] and representative to appear at the . . . hearing." Tr. at 234. Plaintiff was again unable to attend the hearing because "the phone system [at the prison] ha[d] been acting up and the section [Plaintiff was] in ha[d] a total phone outage." Tr. at 311. As noted above, the hearing was then conducted without Plaintiff.

At the beginning of the hearing, Plaintiff's counsel, appearing via VTC, told the ALJ that he had permission from Plaintiff to proceed with the hearing:

> [Plaintiff] and I spoke about what his options are. He understands he has a
> right to be there. He understands he has a right to testify. . . . [B]ecause of his

-9-

> impairments . . . [it is] particularly necessary to hear what he has to say about the frequency, and duration, and intensity of what appears to be the primary problem here which is his migraine headaches. . . . So I have permission to proceed without him and he understands the implications of doing that. He understands the risks that he takes in allowing me to proceed without him. So I guess what [Plaintiff is] willing to do and wants to do at this point is proceed.

Tr. at 53. Later in the hearing, Plaintiff's counsel made an opening statement, examined the VE, and made a closing statement. Tr. at 54-66. The ALJ also questioned the VE. See Tr. at 59-61. Plaintiff's counsel advised the ALJ that he would speak with Plaintiff regarding submitting a written statement "specifically covering and addressing the question of how often he gets migraines, how long they last and what are the symptoms when he gets them . . . ." Tr. at 65.

The administrative transcript reflects that Plaintiff submitted two documents to the ALJ: a document titled "Headaches/Migraines Diary (Prison)" consisting of a list of days on which he experienced migraine headaches, Tr. at 313; and a statement containing a description of his migraines on "[a] typical day," Tr. at 314. Thereafter, the ALJ issued her Decision, and Plaintiff sent two letters (one to the ALJ and one to the AC) requesting that the ALJ's Decision be reconsidered. See Tr. at 315, 316. The letters stated that "[Plaintiff] had no notice, was not brought in to give evidence and [his] attorney failed to investigate [his] injury and the medical evidence relating thereto." Tr. at 315, 316.

The undersigned finds that the representation made by Plaintiff's counsel at the hearing, even if accepted, did not amount to a valid waiver of Plaintiff's right to personal appearance. This is because the record does not contain the written and signed statement required by SSR 79-19, and there is no indication that the ALJ requested one. See generally administrative transcript. Defendant argues that "[t]he transcript of the hearing clearly

indicates that Plaintiff waived his right to appear at a hearing and gave his attorney permission to proceed with the hearing without him." Def.'s Mem. at 5 (citation omitted). This, however, does not satisfy the clear requirements of SSR 79-19 and is thus insufficient to waive a claimant's right to personal appearance. See Exum v. Astrue, No. 10-CV-920-JPS, 2011 WL 5921436, at *1-2 (E.D. Wis. Nov. 28, 2011) (finding Plaintiff did not waive her right to appear when there was no written waiver even though attorney "told the ALJ that [Plaintiff] was waiving her right to appear" and "proceeded to make an opening statement, summarize[ ] the evidence[,] . . . [and] question[ ] a testifying [VE]"); Hall, 660 F.2d at 118-19 (finding Plaintiff did not waive her right to appear when she "noted on her request for a hearing that she did not wish to appear," but "the record [did] not contain the written and signed waiver required by [SSR 79-19]").

Defendant states that "[the Hearing, Appeals and Litigation Law ("HALLEX") manual] I-2-4-25(D)(2)(a) provides that where a claimant's representative appears at a hearing, and the claimant does not, the ALJ may elect to proceed with the hearing so long as he allows the claimant's representative to question witnesses and make arguments regarding the claimant's application." Def.'s Mem. at 5. Although Defendant correctly cites the HALLEX manual, the undersigned is not convinced HALLEX I-2-4-25 applies in this case. This provision governs when "an [ALJ] may . . . dismiss a request for hearing . . . based on failure to appear in [certain] circumstances . . . ." HALLEX I-2-4-25(A), 1993 WL 643012. It provides that "if an appointed representative appears at the scheduled hearing without the claimant and continues to represent the claimant during the hearing, dismissal is never appropriate." HALLEX I-2-4-25(D)(2).

The specific subsection Defendant cites provides that "[i]f the ALJ finds that the claimant has constructively waived the right to appear at the hearing . . . the ALJ may choose to proceed with the hearing . . . ." HALLEX I-2-4-25(D)(2)(a). For the ALJ to find a constructive waiver, however, he or she must first find that "[t]he representative is unable to locate the claimant." HALLEX I-2-4-25(D)(2). This is not the situation here. Plaintiff's location was known, but he was unable to attend the hearing due to circumstances at the prison apparently beyond his control. See Tr. at 311.

## C. Prejudice

Having found that the ALJ did not comply with the requirements of SSR 79-10, the undersigned now turns to whether Plaintiff was prejudiced by the noncompliance. See Hall, 660 F.2d at 119. SSR 79-19 provides that "a disability issue may best be resolved on the basis of detailed testimony as to the individual's activities, background, experience, etc., presented at the hearing[; and t]he presiding officer's personal observations of the [claimant] can also add additional weight to the medical evidence or other information of record." SSR 79-19, 1979 WL 15541, at *2; see also Stoner v. Sec'y of Health & Human Servs., 837 F.2d 759, 761 (6th Cir. 1988) (finding that "[w]here pain is a key factor in a claim, it is particularly important for the ALJ to be able to make observations of a claimant and to question the claimant directly").

Here, the ALJ's error in failing to obtain a proper waiver of personal appearance prejudiced Plaintiff. Most notably, the ALJ found that "[Plaintiff's] statements concerning the intensity, persistence, and limiting effects of [his] symptoms are not entirely credible," but the ALJ could not question Plaintiff about such statements because he was not present at the hearing. Tr. at 34; see Pittman v. Astrue, No. 10 C 50034, 2011 WL 6140656, at *7 (N.D. Ill.

Dec. 9, 2011) (finding Plaintiff did not validly waive the right to personal appearance and was prejudiced when ALJ determined Plaintiff's statements about intensity, persistence, and limiting effects of her symptoms were not credible and failed to examine her). In making her credibility finding, the ALJ stated that "[Plaintiff's] reported symptoms are not entirely consistent with his subjective complaints to medical personnel." Tr. at 34. Such inconsistencies could have been inquired upon through examination of Plaintiff.

Additionally, Plaintiff's ability to lift, carry, stand, walk, and sit was a significant consideration in the ALJ's RFC determination, see Tr. at 33, which could have also been an important line of inquiry at the hearing. Plaintiff's post-hearing written statements, which were limited to his migraine headaches, do not constitute an appropriate substitute for the testimony he could have given at a hearing. Had Plaintiff appeared at the hearing (via VTC or telephone given the circumstances), he would have likely been questioned by his attorney and the ALJ, and he would have had an opportunity to explain inconsistencies and testify regarding his ability to lift, carry, stand, walk, sit, and perform other activities of daily living.

Thus, the undersigned finds that the ALJ's noncompliance with the requirements of SSR 79-19 resulted in prejudice to Plaintiff. The ALJ here committed reversible error necessitating remand to comply with 20 C.F.R. § 404.950(a) or, if Plaintiff is unable to appear at the hearing again, comply with the requirements of SSR 79-19.

## V. Conclusion

For the foregoing reasons, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and pursuant to § 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

   (A) Comply with the requirements of 20 C.F.R. § 404.950(a) or, should Plaintiff be unable to appear (in person, via telephone, or via VTC) at his hearing, comply with the requirements of SSR 79-19;

   (B) Ensure that the other issues raised in this appeal are appropriately addressed, if necessary; and

   (C) Take such other action as may be necessary to resolve this matter properly.

2. The Clerk be further directed to close the file.

3. Plaintiff's counsel be advised that, in the event benefits are awarded on remand, any § 406(b) or § 1383(d)(2) fee application shall be filed within the parameters set forth by the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

**DONE AND ORDERED** at Jacksonville, Florida on September 14, 2017.

JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:
Counsel of record